UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| FUCICH CONTRACTING, INC. | CIVIL ACTION |
|---|---|
| Plaintiff | |
| VERSUS | NO. 18-2885 |
| SHREAD-KUYRKENDALL & ASSOCIATES, INC. ET AL., | SECTION: "E" |
| Defendants | |

## ORDER AND REASONS

Before the Court is Defendant St. Bernard Parish's motion to transfer, or in the alternative, motion to dismiss.[1] St. Bernard Parish seeks to transfer this case to the 34th Judicial District Court for the State of Louisiana pursuant to a forum selection clause in the contract between St. Bernard Parish and Plaintiff Fucich Contracting, Inc. The motion is opposed.[2] After considering the arguments of the parties, the terms of the contract, and the governing case law, the Court hereby **DENIES** the motion.[3]

## BACKGROUND

This case arises out of a contract awarded by the St. Bernard Parish government ("SBP") to the Plaintiff, Fucich Contracting, Inc. ("FCI"), to upgrade several pump stations for the Lake Borgne Basin Levee District in St. Bernard Parish.[4] St. Bernard Parish retained Defendant Shread-Kuyrkendall & Associates, Inc. ("SKA") to provide the engineering services for the upgrade project, which involved the installation of four

---

[1] R. Doc. 17.
[2] R. Doc. 28.
[3] Defendants Shread-Kuyrkendall & Associates, Inc. ("SKA") and XL Specialty Insurance Company ("XL") filed a separate motion to transfer requesting that, in the event the Court grants St. Bernard Parish's motion to transfer, the Court also transfer Plaintiff's claims against SKA and XL. R. Doc. 29. Because the Court denies St. Bernard Parish's motion, the motion by SKA and XL is denied as moot.
[4] R. Doc. 1.

1

replacement engines in the pump stations.[5] Based on specifications provided by SKA, FCI submitted the lowest bid for the project, and was subsequently awarded a contract in the amount of $5,009,908 for the construction work (the "Contract").[6] Plaintiff alleges the Defendants failed to issue change orders in response to various changed conditions during the construction work, and filed suit in this Court asserting claims of negligence and breach-of-contract.[7]

SBP now seeks the transfer of this matter to the 34th Judicial District Court for the State of Louisiana.[8] SBP concedes this Court has diversity jurisdiction over the dispute, but argues the Contract's forum selection clause mandates that any suit arising out of the Contract be brought in the 34th Judicial District Court.[9] SBP also asserts that the case should be transferred pursuant to 28 U.S.C. § 1404(a) under the doctrine of forum non conveniens.[10] Alternatively, SBP seeks to have the case dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).[11]

FCI opposes the motion.[12] FCI insists the Contract's forum-selection clause is permissive, rather than mandatory, and therefore does not require that this matter be brought in 34th Judicial District Court.[13] FCI further argues the forum non conveniens doctrine, which gives the Plaintiff's choice of forum considerable weight, requires a denial

---

[5] *Id.* at ¶ 14.
[6] *Id.* at ¶ 50.
[7] R. Doc. 1.
[8] R. Doc. 17-1.
[9] *Id.* at 2.
[10] 28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."
[11] 28 U.S.C. § 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."
[12] R. Doc. 28.
[13] *Id.* at 3-6.

2

of SBP's motion.

## LAW AND ANALYSIS

### I. Forum Selection Clause

If a forum selection clause is both mandatory and enforceable, then a party may seek to enforce it through 28 U.S.C. § 1404(a). "A mandatory [forum selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum."[14] A clause is mandatory "only if it contains clear language specifying that litigation *must* occur in the specified forum."[15] "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."[16]

The Contract in this case provides, "Contractor yields to the jurisdiction of the 34th Judicial District Court and formally waives any pleas of lack of jurisdiction, in the event of suit under this Agreement."[17] SBP interprets this language to grant exclusive jurisdiction to the 34th Judicial District Court. SBP argues, "the active tense of 'yields' signifies the act of 'giving way to' the Thirty-Fourth Judicial District to the exclusion of the Eastern District of Louisiana, or any other alternate forum."[18] According to SBP, construing this provision as a permissive forum selection clause would "rende[r] the use of the word 'yield' meaningless."[19]

The Fifth Circuit interpreted a similar forum selection clause in *City of New Orleans v. Municipal Administration Services, Inc.*[20] In that case, the contract provided,

---

[14] *Weber*, 811 F.3d at 768.
[15] *Id.* (emphasis in original).
[16] *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004).
[17] R. Doc. 17-2 at 7.
[18] R. Doc. 17-1 at 8.
[19] *Id.*
[20] 376 F.3d 501 (5th Cir. 2004). *See also Marriott Management Services v. A Minority Entity, Inc.*, 94-

3

"The undersigned Contractor does further hereby consent and *yield* to the jurisdiction of the State Civil Courts of the Parish of Orleans and does hereby formally waive any please of jurisdiction on account of the residence elsewhere of the undersigned Contractor."[21] Noting that "[a] party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another," the court determined "the clause evinces conclusively no more than that [the Plaintiff] consented to jurisdiction and agreed not to raise pleas to jurisdiction."[22] As a result, the court found the defendant was not entitled to a remand based on the forum selection clause.

In light of *City of New Orleans*, the Court finds that the forum selection clause in this case is not mandatory. The clause does not expressly provide for a waiver of Plaintiff's right to sue in an otherwise proper forum, and does not state that FCI consents to the "exclusive" jurisdiction of the 34th Judicial District Court.[23] The clause in no way waives the jurisdiction of this Court, and it does not compel FCI to file suit in the 34th Judicial District Court. Rather, the clause waives only FCI's right to contest jurisdiction of the 34th Judicial Court. Accordingly, SBP is not entitled to a transfer of this case based on the Contract's forum selection clause.

## II. Forum non conveniens

SPB also asserts the case should be "transferred under 28 U.S.C. § 1404(a) and the doctrine of forum non conveniens to the Thirty-Fourth Judicial District Court."[24] SPB misunderstands the application of section 1404(a) and forum non conveniens to this case,

---

3089, 1995 WL 110601 (E.D. La. 1995).
[21] *Id*. at 504 (emphasis added).
[22] *Id*. at 505.
[23] *See PSA Contractors, Inc. v. St. Mary's Academy of the Holy Family, et al*, No. 10-1103, 2010 WL 3081505 (E.D. La. 2010) (finding that a forum selection clause requiring plaintiff to "consen[t] and yiel[d] to the exclusive jurisdiction and venue of the Civil District Court" was mandatory and exclusive).
[24] R. Doc. 17-1 at 2.

however.

The transfer-of-venue function of forum non conveniens has been superseded by 28 U.S.C. § 1404(a), which only permits transfer to another appropriate *federal* forum.[25] "For the federal court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action."[26] SPB seeks transfer to a Louisiana state court, rather than a different federal district court. "For the . . . set of cases calling for a nonfederal forum, [section] 1404(a) has no application."[27] Accordingly, this Court is without authority to transfer this case to the Thirty-Fourth Judicial District Court under section 1404(a) or forum non conveniens.

### III. Motion to Dismiss

In the alternative, SBP moves to dismiss this matter without prejudice under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.[28]

In *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas*,[29] the United States Supreme Court explained when dismissal under section 1406(a) is appropriate:

---

[25] See *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007). 28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."
[26] *Id.*
[27] *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas*, 134 S. Ct. 568, 580 (2013).
[28] 28 U.S.C. § 1406(a).
[29] 134 S. Ct. 568 (2013).

Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is "wrong" or "improper." Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum selection clause.

SBP does not claim that this Court is an "improper" or "wrong" venue under the federal venue provisions in 28 U.S.C. § 1391. Indeed, SBP concedes "under 28 U.S.C. § 1391, the Eastern District of Louisiana is the proper venue to bring such an action."[30] The Court agrees. SBP is not entitled a dismissal of this matter under 28 U.S.C. § 1406(a) and Rule 12(b)(3).

**IT IS ORDERED** that Defendant St. Bernard Parish's motion for transfer, or in the alternative, motion to dismiss, is **DENIED.**

**New Orleans, Louisiana, this 6th day of July, 2018.**

          **SUSIE MORGAN**
          **UNITED STATES DISTRICT JUDGE**

---

[30] R. Doc. 17-1 at 6.