UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FUCICH CONTRACTING, INC., <br>     Plaintiff | CIVIL ACTION |
| VERSUS | NO. 18-2885 |
| SHREAD-KUYRKENDALL AND ASSOCIATES, INCORPORATED, ET AL., <br>     Defendants | SECTION: "E"(4) |

## ORDER AND REASONS

On August 14, 2018, Plaintiff Fucich Contracting Inc. ("FCI") filed a motion for partial summary judgment seeking a declaration of rights and obligations and a judgment on Defendant St. Bernard Parish's counterclaims against it.[1] On August 16, 2018, Defendant St. Bernard Parish moved to continue the submission date for Plaintiff's motion.[2] It also moved to expedite consideration of its motion to continue.[3] In its motion to continue, St. Bernard Parish requests the Court defer consideration of Defendants' motion to allow time to conduct depositions.[4] The Court will construe St. Bernard Parish's motion to continue as an opposition to Plaintiff FCI's motion for partial summary judgment and a request for additional discovery under Rule 56(d) of the Federal Rules of Civil Procedure. On August 17, 2018, Plaintiffs filed a memorandum opposing St. Bernard Parish's request.[5] For the reasons that follow, the Court **GRANTS** St. Bernard Parish's motion to continue and request for additional discovery,[6] **DENIES AS MOOT** St. Bernard Parish's motion to expedite

---

[1] R. Doc. 51.
[2] R. Doc. 53.
[3] R. Doc. 54. On the same day, Defendants Shread-Kuyrkendall and Associates, Inc. ("SKA") and XL Special Insurance Company ("XL") also filed a motion to continue the submission date of Plaintiff's motion and a motion to expedite consideration of their motion to continue. R. Doc. 56. The motion submitted by SKA and XL incorporates St. Bernard Parish's arguments by reference. *Id.* This motion is **DENIED AS MOOT**.
[4] R. Doc. 53 at 4–5.
[5] R. Doc. 57.
[6] R. Doc. 53.

1

consideration of its motion to continue,[7] and allows St. Bernard Parish to conduct additional discovery prior to the submission of Plaintiff's motion for partial summary judgment.

## DISCUSSION

Under Rule 56(d) of the Federal Rules of Civil Procedure,[8] if a party opposing a motion for summary judgment shows, by way of affidavit or declaration, that for some specific reason it cannot present facts essential to justify its opposition, the Court may defer consideration of the summary judgment motion, deny it, allow time for the non-moving party to obtain affidavits or declarations or to take discovery, or issue any other appropriate order.[9] The Rule is "designed to safeguard against a premature or improvident grant of summary judgment."[10]

"[T]o justify a continuance, the [Rule 56(d)] motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact."[11] In requesting a Rule 56(d) motion, a plaintiff "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."[12] Rather, the plaintiff "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the

---

[7] R. Doc. 54.
[8] On December 1, 2010, the provisions of former subdivision (f) of Rule 56 were carried forward, without substantial change, to subdivision (d). Accordingly, while case law prior to this change references Rule 56(f) instead of Rule 56(d), those pre-2010 cases still hold precedential and persuasive value and are fully applicable to this case.
[9] FED. R. CIV. P. 56(d).
[10] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).
[11] *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534–35 (5th Cir. 1999) (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).
[12] *Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks and citation omitted).

pending summary judgment motion."[13] "Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted."[14]

The Court finds Defendant St. Bernard Parish has justified its request for a continuance to allow additional time to conduct discovery. As it points out in its motion, FCI filed this action on March 19, 2018,[15] less than five months before it filed a partial summary judgment motion on August 14, 2018.[16] The Court has not entered a scheduling order in this case, and a scheduling conference is currently scheduled for September 6, 2018.[17] Moreover, St. Bernard Parish has set forth the specific reasons it cannot present at this time facts essential to justify its opposition.[18] The Court finds Defendant St. Bernard Parish has demonstrated sufficiently: (1) that it needs additional discovery to oppose Plaintiff's motion for partial summary judgment and (2) how the additional discovery will likely create a genuine issue of material fact.[19]

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Defendant St. Bernard Parish's motion to continue and request for additional discovery be and hereby is **GRANTED**.[20] Plaintiff Fucich Contracting, Inc.'s motion for partial summary judgment shall be submitted on **Wednesday, October 31, 2018** to allow time for additional discovery.[21]

---

[13] *Id.* (internal quotation marks and citation omitted).
[14] *Am. Family Life Assur. Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).
[15] R. Doc. 1.
[16] R. Doc. 51.
[17] R. Doc. 41.
[18] R. Doc. 53 at 3–5.
[19] *See Stearns Airport Equip. Co.*, 170 F.3d at 534–35.
[20] R. Doc. 53.
[21] R. Doc. 51.

**IT IS FURTHER ORDERED** that Defendant St. Bernard Parish's opposition to Plaintiff FCI's motion for partial summary judgment be filed by no later than **Tuesday, October 23, 2018**.

**IT IS FURTHER ORDERED** that Defendant St. Bernard Parish's motion to expedite be and hereby is **DENIED AS MOOT**.[22]

New Orleans, Louisiana, this 21st day of August, 2018.

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. 54.

4