UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FUCICH CONTRACTING, INC.                         CIVIL ACTION

VERSUS                                           NO. 18-2885

SHREAD-KUYRKENDALL AND                           SECTION M (4)
ASSOCIATES, INC., *et al.*

## ORDER & REASONS

Before the Court is a motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) filed by Timken Gears and Services, Inc. d/b/a Philadelphia Gear ("Philadelphia Gear").[1] Shread-Kuyrkendall & Associates, Inc. and XL Specialty Insurance Company (collectively, "SKA") oppose the motion,[2] and Philadelphia Gear replies in support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying Philadelphia Gear's motion.

## I. BACKGROUND

This case arises out of a construction dispute over a component compatibility problem, specifically, a rotational conflict, between the engines and gear reducers intended for use in back-up storm water drainage pumps critical to a public works improvement project known as the Lake Borgne Basin Levee District Pump Station #1 & #4 Pump Upgrade ("the Project").[4] Fucich Contracting, Inc. ("FCI") was hired as the Project contractor; SKA was hired as the Project engineer; and Philadelphia Gear, which had manufactured the original gear reducers, was hired to

---

[1] R. Doc. 417.
[2] R. Doc. 418.
[3] R. Doc. 421.
[4] R. Doc. 373 at 1-3.

refurbish the gear reducers for the Project. Philadelphia Gear was initially brought into this litigation by SKA, whose third-party demand against Philadelphia Gear was dismissed with prejudice in the Court's December 17, 2019 Order & Reasons (the "SKA-Demand O&R").[5] FCI also filed a third-party demand against Philadelphia Gear, which was likewise dismissed with prejudice in the Court's April 24, 2020 Order & Reasons (the "FCI-Demand O&R").[6] The pertinent facts and procedural history of this case were fully recited in the SKA-Demand O&R and the FCI-Demand O&R,[7] and they will not be restated herein.

Philadelphia Gear now moves for entry of final judgment on the SKA-Demand O&R and the FCI-Demand O&R pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[8] According to Philadelphia Gear, the Court's dismissal of SKA and FCI's third-party claims against it completely terminates all claims against it in this litigation, satisfying the first requisite for entry of final judgment under Rule 54(b).[9] Philadelphia Gear argues that there is no just reason to delay entry of final judgment for it, thus satisfying the second requisite, because substantial fact and expert discovery remains to be completed in this matter, presenting Philadelphia Gear with a dilemma as to whether to expend significant defense costs and fees when its business has been severely affected by the ongoing coronavirus pandemic.[10] Philadelphia Gear asserts that certifying the two O&Rs for appeal will significantly reduce the fees and costs it will incur in discovery.

In opposition, SKA argues that Philadelphia Gear has not adequately shown danger of hardship or injustice due to delay which would be alleviated by an immediate appeal, and thus

---

[5] R. Doc. 373. The Court subsequently denied SKA's motion to alter or amend the SKA-Demand O&R. R. Doc. 409.
[6] R. Doc. 416.
[7] *See* R. Docs. 373 at 1-4; 416 at 2-6.
[8] R. Doc. 417.
[9] R. Doc. 417-1 at 1, 6.
[10] *Id.* at 6-7.

2

there is no justification for granting the requested certification.[11] SKA adds that certification would create a substantial risk that the Fifth Circuit would be forced to decide similar issues again on appeal from a final judgment in the case because the dismissed claims against Philadelphia Gear are so intertwined with the remaining claims, noting that there will be significant fact and expert testimony at trial regarding Philadelphia Gear's design for the gear-reducer refurbishment and its knowledge, if any, about the design's incompatibility with the Project.[12]

In reply, Philadelphia Gear contends that the Court has already found that it was not responsible for the overall design of the Project or ensuring that the refurbished gear reducers were compatible with the replacement engines selected for the Project.[13]

## II.  LAW & ANALYSIS

Rule 54(b) is an exception to the rule that a final judgment is appealable only after the adjudication of the rights and liabilities of all parties to a proceeding. *Westmoreland v. Venice Marine & Outdoor Consultants, Inc.*, 2018 WL 2124040, at *1 (E.D. La. May 8, 2018). The rule provides in pertinent part:

> When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. …

Fed. R. Civ. P. 54(b). Thus, to certify an otherwise interlocutory order for immediate appeal, a district court must make two separate findings under Rule 54(b): first, the court must determine that the order constitutes a "final judgment" as to one or more "claims or parties"; and second, the court must determine that "there is no just reason for delay."

The Fifth Circuit has explained that Rule 54(b) "reflects a balancing of two policies:

---
[11] R. Doc. 418 at 3-4.
[12] *Id.*
[13] R. Doc. 421.

avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoid[ing] piecemeal appeals.'" *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting *PYCA Indus. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)). Rule 54(b) motions are rarely granted because the district court must "take into account judicial administrative interests" to "'preserve[] the historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

As to the first of the two requirements for certification, the district court can certify an order as a Rule 54(b) judgment only if the order has "disposed of 'one or more ... claims or parties.'" *Eldredge*, 207 F.3d at 740 (quoting Fed. R. Civ. P. 54(b)). A court should look to see whether this requirement is met as to each party or claim because it is jurisdictional. *Id.* (citing *In re Southeast Banking Corp.*, 69 F.3d 1539, 1548-52 (11th Cir.1995) (finding that a Rule 54(b) final judgment was improperly entered as to certain rulings because they did not dispose of distinct claims, but that it was properly entered as to certain defendants who were completely dismissed)). Here, the first requirement is met. Taken together, the SKA-Demand O&R and the FCI-Demand O&R dispose entirely of Philadelphia Gear as a party in this litigation.

As to the second requirement for a Rule 54(b) certification, however, Philadelphia Gear has not demonstrated that an immediate appeal would avoid dangers of hardship or injustice, or that any hardship it faces outweighs judicial administrative interests in avoiding piecemeal appeals. *PCYA*, 81 F.3d at 1421 (under "no just reason for delay" requirement, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel"); *Matthews v. Stolier*, 2015 WL 4394109, at *3 (E.D. La. July 15, 2015) ("'[I]n deciding

4

whether there are no just reasons to delay the appeal of individual final judgments …, a district court must take into account judicial administrative interests as well as the equities involved.' The foremost of which is the strong federal policy against piecemeal appeals.") (quoting *Curtiss-Wright*, 446 U.S. at 8)). Philadelphia Gear cites expected discovery-related costs as "danger of hardship," but it does not show how the costs it faces are any different than those faced by any other dismissed litigant, or more specifically, any other dismissed third-party defendant. *See Westmoreland*, 2018 WL 2124040, at *1-2 (explaining that "duplicative" and "expensive" costs associated with "burdensome" litigation steps are among "routine considerations" deemed insufficient to find "no just reason for delay").

Philadelphia Gear was the successful proponent of the motions to dismiss that were the subject of the interlocutory rulings sought to be certified for appeal. Philadelphia Gear states that "whether or not an appeal [of the entire case] will follow is uncertain at best,"[14] but "[t]his concern, by itself, is insufficient to outweigh administrative interests in preventing piecemeal appeals and fails to account for the fact that certification would force [SKA and FCI] to decide whether to appeal before resolving [the] remaining claims." *Medved v. DeAtley*, 2014 WL 4437272, at *3 (D. Colo. Sept. 9, 2014) (citing *Onyx Props. LLC v. Bd. of Cty. Comm'rs of Elbert Cty.*, 916 F. Supp. 2d 1191, 1211 (D. Colo. 2012) (finding that balance of interests favored denying certification in part because "[t]his is not the usual case of the losing party requesting the entry of final judgment under Rule 54(b), but rather the prevailing party seeking to force the losing party to seek (or not seek) appellate relief")); *see also Walker v. Progressive Cty. Mut. Ins. Co.*, 304 F.R.D. 486, 493-94 (E.D. La. 2015) ("[T]he mere specter of appeal after a trial on the merits does not rise to the

---

[14] R. Doc. 417-1 at 7.

[requisite] level of hardship or injustice.").[15] If these reasons were sufficient for certification, then every district court order dismissing a third-party claim would be considered a final judgment ripe for appeal. *See Walker*, 304 F.R.D. at 494.

Philadelphia Gear simply has not shown that this is the "type of 'infrequent harsh case' contemplated by Rule 54(b)." *Id.* (quoting *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984)). Instead, Philadelphia Gear cryptically asserts that failure to grant it Rule 54(b) certification now would result in "a piecemeal appeal as to the similar claims asserted against Philadelphia Gear by FCI and SKA."[16] But it does not explain how this could be so. On the contrary, granting, not denying, certification would make piecemeal appeals more likely.[17] Therefore, this Court cannot heed its obligation to preserve the historic federal policy against piecemeal appeals and also certify that there is no just reason for delay.

---

[15] There are circumstances in which it might be appropriate for a prevailing party to obtain a Rule 54(b) certification, *see*, *e.g.*, *Curtiss-Wright*, 446 U.S. at 11-12 (difference between statutory and market interest rates, combined with reality that prevailing party would not be able to execute the judgment for many years due to the complexity of the litigation and the losing party's declining financial position, provided appropriate grounds to certify judgment under Rule 54(b)), but no such circumstance is present in this case.

[16] R. Doc. 417-1 at 6. In a similar vein, Philadelphia Gear adds in reply that the interests of judicial efficiency will be served by entry of final judgment because it will "narrow the remaining contested issues in the case." R. Doc. 421 at 4. But the SKA-Demand O&R and FCI-Demand O&R serve this function, and entry of final judgement will not further narrow or otherwise affect the remaining contested issues in the matter.

[17] SKA argues that the dismissed claims against Philadelphia Gear "are so intertwined with the remaining claims," that "if an appeal were permitted now, there is substantial risk that the Fifth Circuit would be forced to decide similar issues again," pointing to its expectation that there will be fact and expert testimony at trial about Philadelphia Gear's design and any knowledge about the design's incompatibility with the Project. R. Doc. 418 at 4. SKA notes that the Court, in deciding that SKA cannot seek contribution from Philadelphia Gear under the applicable comparative fault regime, explained that SKA's interests are protected under this regime in that any fault on the part of Philadelphia Gear may be accounted for by the jury when apportioning fault, so that such fault will not be attributed to SKA. *Id.* at 4 n.5 (citing R. Doc. 373 at 14-15). In response, rather than showing how piecemeal appeals would not result from Rule 54(b) certification, Philadelphia Gear insists that the Court has essentially absolved it of all fault in this matter, asserting that the Court found that its design "completely complied" with the specifications for the Project. *See* R. Doc. 421 at 3. "Once again, the Court did not assess liability [in the SKA-Demand O&R] at all – at least by making factual findings." R. Doc. 409 at 6. That neither SKA nor FCI can maintain viable third-party claims against Philadelphia Gear does not mean that the Court found Philadelphia Gear totally faultless, or that the jury cannot account for any fault on the part of Philadelphia Gear when apportioning fault, or that the Fifth Circuit would not have to review similar facts and issues in an appeal from the SKA-Demand O&R and FCI-Demand O&R and an appeal from a final judgment in the case.

### III. CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Philadelphia Gear's motion for entry of a Rule 54(b) judgment (R. Doc. 417) is DENIED.

New Orleans, Louisiana, this 3rd day of June, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE