UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FUCICH CONTRACTING, INC., *et al.* | CIVIL ACTION |
| VERSUS | NO. 18-2885 |
| SHREAD-KUYRKENDALL & ASSOCIATES, INC., *et al.* | SECTION M (4) |

## ORDER & REASONS

Before the Court is the motion *in limine* of defendant St. Bernard Parish Government ("SBPG") to preclude all testimony and evidence related to, contained in, derived from, or extrapolated from documents not produced in discovery related to the losses of Fucich Contracting, Inc. ("FCI").[1] Travelers Casualty and Surety Company of America ("Travelers")[2] and FCI[3] oppose the motion. SBPG replies in further support of its motion.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion *in limine*.

### I.   BACKGROUND

This case arises out of a construction dispute over a component-compatibility problem, specifically, a rotational conflict, between the engines and gear reducers intended for use in back-up storm water drainage pumps critical to a public works improvement project known as the Lake Borgne Basin Levee District Pump Station #1 & #4 Pump Upgrade (the "Project").[5] SBPG hired

---

[1] R. Doc. 492. FCI filed a motion to strike SBPG's motion *in limine* as untimely on the theory that it actually seeks to limit expert testimony and the deadline for any such motion has long since passed. R. Doc. 501. SBPG, together with Shread-Kuyrkendall & Associates, Inc. ("SKA") and XL Specialty Insurance Company, opposes the motion. R. Docs. 506 & 509. FCI replies in further support of its motion. R. Doc. 516. As an exercise of its discretion, the Court denies the motion to strike, deciding instead to resolve SBPG's motion *in limine* on the merits.
[2] R. Doc. 500.
[3] R. Doc. 503.
[4] R. Doc. 511.
[5] R. Doc. 373 at 1-4.

FCI as the Project contractor and SKA as the Project engineer. Pursuant to the Louisiana Public Works Act, Travelers issued a performance and payment surety bond naming FCI as principal and SBPG as obligee.[6] In connection with this bond, FCI and the Fuciches (together, the "Fucich Parties") executed a general agreement of indemnity ("GAI") in favor of Travelers, agreeing to indemnify Travelers from loss and to deposit collateral if needed to compensate for any loss or anticipated loss.[7]

When the rotational conflict became apparent, SBPG informed Travelers that it intended to terminate FCI.[8] FCI filed this lawsuit against SBPG and SKA, and SBPG did, in fact, terminate FCI several months later.[9] SBPG filed a counterclaim and third-party demand seeking to hold FCI and SKA responsible for the rotational conflict and resulting failure to complete the Project. Travelers completed an independent investigation in which it concluded that the rotational conflict was caused by SKA.[10] As a result, Travelers found that FCI did not have a duty to finish the Project.[11] Since FCI, as Traveler's principal, did not (in its opinion) have a duty to finish the Project, Travelers, as surety, refused to complete the Project.[12] SBPG then added Travelers to the lawsuit.[13] Given the claims against FCI, Travelers sought to have the Fucich Parties provide it with collateral security. Pursuant to the collateral and indemnity provision in the GAI, this Court ordered the Fucich Parties to provide Travelers with $2,563,930.00 as collateral security.[14] Thereafter, FCI filed a claim against Travelers for bad-faith breach of the GAI.[15]

---

[6] R. Docs. 431 at 2.
[7] Id.
[8] Id.
[9] Id.
[10] Id.
[11] Id.
[12] Id.
[13] Id.
[14] R. Docs 184; 224.
[15] R. Doc. 431 at 2.

Over the course of this case, SBPG propounded several discovery requests to FCI and Travelers.[16] Travelers[17] and FCI[18] responded, in some instances with objections, to SBPG's requests. SBPG did not raise any issue concerning their responses and has not filed a motion to compel production. The deadline for all discovery to be completed expired on December 4, 2020.[19]

## II.  PENDING MOTION

SBPG argues that all testimony and evidence related to, contained in, derived from, or extrapolated from documents not produced in discovery related to FCI's losses should be excluded.[20] It asserts that the refusal to turn over evidence in response to its discovery requests was in bad faith.[21] Specifically, SBPG states that it is prejudiced because it does not have documents related to additional expenses incurred and delay damages,[22] the claimed loss of business income,[23] the impairment of FCI's bonding capacity,[24] and causation of any impairment of FCI's bonding capacity.[25]

In opposition, Travelers argues that SBPG is trying to remedy its own failure to resolve discovery disputes before the discovery deadline.[26] Travelers notes that SBPG did not contest

---

[16] SBPG sent FCI a first set of interrogatories, requests for production, and requests for admission on May 30, 2019 (R. Doc. 492-4), a second set of requests for production on July 1, 2019 (R. Doc. 492-6), and a second set of interrogatories and third set of requests for production on August 14, 2019 (R. Doc. 492-8).  SBPG sent Travelers a first set of interrogatories, requests for production, and requests for admission on May 30, 2019 (R. Doc. 492-5), a second set of requests for production on July 1, 2019 (R. Doc. 492-6), and a second set of interrogatories and third set of requests for production on August 14, 2019 (R. Doc. 492-7).
[17] Travelers sent its responses to SBPG's first set of interrogatories, requests for production and requests for admission on July 12, 2019 (R. Doc. 500-1 at 1-11), second set of requests for production of documents on July 31, 2019 (R. Doc. 500-1 at 12-14), and second set of interrogatories and third set of requests for production of documents on September 17, 2019 (R. Doc. 500-1 at 15-24).
[18] R. Doc. 503 at 3.
[19] R. Doc. 415 at 2.
[20] R. Doc. 492 at 1.  In its reply, SBPG limits its relief sought to "exclude such evidence offered by FCI against SBPG/SKA."  R. Doc. 511 at 1.
[21] R. Doc. 492-1 at 2-3.
[22] *Id.* at 7-8.
[23] *Id.* at 8-10.
[24] *Id.* at 10-12.
[25] *Id.* at 12-13.
[26] R. Doc. 500 at 2-3.

Travelers's timely responses to their discovery requests.[27] As a practical matter, Travelers argues that the motion should be dismissed as "impermissibly vague and overbroad."[28] In its opposition, FCI first argues that the motion should be stricken as untimely, essentially for the same reasons urged in its motion to strike.[29] FCI also argues that SBPG has not demonstrated that it is entitled to the expansive relief it seeks.[30] In addition, FCI asserts that even were the Court inclined to grant the motion to dismiss, SBPG's "open-ended" discovery questions cannot provide a standardized baseline for ascertaining what was requested in discovery, and therefore, cannot show on a categorical basis what should be excluded.[31]

### III. LAW & ANALYSIS

SBPG urges the Court to sanction FCI and Travelers by precluding them from presenting any evidence relating to a broad range of documents it says were not produced in discovery. SBPG argues that sanctions are available under Rules 16(f) and 37 of the Federal Rules of Civil Procedure.[32] Rule 16 authorizes courts to issue sanctions "if a party or its attorney … fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). But SBPG does not state how FCI or Travelers has violated a scheduling or other pretrial order. Instead, SBPG's main contention is that FCI and Travelers failed to respond fully, in SBPG's estimation, to its discovery requests. Therefore, Rule 16(f) provides no basis for the relief SBPG seeks.

Rule 37, on the other hand, outlines the procedure for filing a motion to compel disclosure or discovery: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has

---

[27] *Id.* at 3.
[28] *Id.* at 6.
[29] R. Doc. 503 at 2-3. *See supra* note 1.
[30] R. Doc. 503 at 3-4.
[31] *Id.* at 4.
[32] R. Doc. 492-1 at 2.

in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). SBPG did not file a motion to compel concerning the documents it contends were not produced.

Nevertheless, SBPG now seeks a blanket rule excluding all evidence relating to documents not produced in discovery. While the Court is mindful of the concerns animating SBPG's motion, this is not the time or the means for granting the overbroad protection it seeks. Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Therefore, the Federal Rules of Civil Procedure prescribe the means to limit evidence on the basis of its not having been produced. However, every case SBPG cites in support of its position was brought seeking the exclusion of *particular* evidence, not a blanket exclusion. *See, e.g., Williams v. Am. Strategic Ins. Corp.*, 2014 WL 1246846, at *1 (E.D. La. Mar. 25, 2014) (granting motion to strike a supplemental expert report and the testimony of a witness when the report and witness were disclosed just days before the final pretrial conference). Thus, a motion to exclude is evaluated on the particular circumstances of a party's failure to produce documents or information. "Preclusion [of untimely evidence], however, is not automatic or mandatory." *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Tr. v. State St. Bank & Tr. Co.*, 290 F.R.D. 11, 17 (D. Mass. 2013). Before excluding nondisclosed information from evidence, Rule 37 itself requires a court to weigh whether a party's failure to provide information was substantially justified or is harmless. A court typically does so by examining four factors: (1) the importance of the evidence, (2) the prejudice to the opposing party of including the evidence, (3) the possibility of curing such prejudice by granting a continuance, and (4) the explanation for the party's failure

to disclose. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004). For example, in one case, the Fifth Circuit vacated a district court's categorical exclusion of all evidence not produced by a certain date, concluding that the particular circumstances of nondisclosure had not been considered by the district court. *See Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 862 (5th Cir. 1970) (holding that severe sanctions are inappropriate when noncompliance with a discovery order is due to the party's inability to comply).

To fashion a blanket rule of exclusion for a whole range of evidence, without considering either the circumstances of nondisclosure or the four factors, could lead to unintended and unfair results. *See, e.g.*, *Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009) ("Plaintiffs' [Rule 37] motion instead consists of conclusory and general statements regarding defendants' purported noncompliance with their discovery obligations. Such generalities are an insufficient basis on which the Court can impose sanctions, and plaintiffs' motion is therefore denied."). This is especially true where, as here, SBPG did not first seek a discovery order compelling the production of documents it says were not disclosed. SBPG itself must understand the troublesome implications of the categorical approach it advances as it has already attempted to limit in its reply the scope of the relief it requests.[33] At this juncture, prudence dictates that the Court wait to resolve SBPG's objections to evidence on a case-by-case basis as they are made in connection with or at trial.

**IV.  CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Fucich Contracting, Inc.'s motion to strike (R. Doc. 501) is DENIED.

---

[33] R. Doc. 511 at 1.

IT IS FURTHER ORDERED that St. Bernard Parish Government's motion *in limine* to preclude all testimony and evidence related to, contained in, derived from, or extrapolated from documents not produced in discovery related to the losses of Fucich Contracting, Inc. (R. Doc. 492) is DENIED.

New Orleans, Louisiana, this 8th day of January, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE