UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FUCICH CONTRACTING, INC., *et al.*   CIVIL ACTION

VERSUS   NO. 18-2885

SHREAD-KUYRKENDALL &   SECTION M (4)
ASSOCIATES, INC., *et al.*

## ORDER & REASONS

Before the Court is a motion to compel filed by defendants Shread-Kuyrkendall & Associates, Inc. and XL Specialty Insurance Company (collectively, "SKA").[1] Plaintiff Fucich Contracting, Inc. ("FCI") responds in opposition.[2] SKA replies.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

This is a breach-of-contract action that arises out of a dispute over a component-compatibility problem, specifically, a rotational conflict, between the engines and gear reducers intended for use in back-up storm water drainage pumps critical to a public works improvement project known as the Lake Borgne Basin Levee District Pump Station #1 & #4 Pump Upgrade.[4] All deadlines, including discovery deadlines, have long since passed in this case.[5] However, as ordered by the magistrate judge on December 3, 2020, SKA was granted an additional opportunity to discover certain limited facts narrowed to communications between Clayton Fucich of FCI and his former counsel, Lee Kohler, regarding (1) Fucich's failure to attend technical meetings; (2)

---

[1] R. Doc. 580.
[2] R. Doc. 583.
[3] R. Doc. 586.
[4] R. Doc. 373 at 1-4.
[5] R. Doc. 537 at 1; *see also* R. Doc. 415 (scheduling order detailing that all discovery must be completed by December 4, 2020).

Fucich's failure to participate in settlement efforts; and (3) Fucich's refusal to turn over engines.[6] The magistrate judge ordered FCI's corporate deposition to be reopened to allow inquiry concerning these three topics.[7] FCI sought review of the order,[8] and on May 12, 2021, this Court ruled that FCI must submit to a deposition and produce communications concerning these three limited subject areas.[9] The deposition occurred on November 18, 2021.[10]

At that limited deposition, Fucich refused to answer questions posed by SKA's counsel regarding various adverse actions he had taken against the magistrate judge, certain judges of the Fifth Circuit, and certain opposing counsel, including: (1) his complaint of judicial misconduct against the magistrate judge (which was later dismissed);[11] (2) his petition to the Judicial Counsel for review of the dismissal of his complaint of judicial misconduct;[12] (3) his police report filed with the New Orleans Police Department;[13] (4) his allegations of a criminal complaint to the FBI;[14] and (5) his complaint filed in the United States District Court of the Southern District of Mississippi, Southern Division.[15] Now, in the present motion, SKA seeks to have this Court order Fucich to submit to questions about these additional matters.[16] This the Court will not allow.

None of these additional matters falls within the narrow scope of the topics about which Fucich's reconvened deposition was to be confined. Hence, although not styled as such, SKA's motion to compel is, in substance, a motion to reopen discovery. Rule 16(b)(4) of the Federal

---

[6] R. Doc. 490 at 9.
[7] *Id.*
[8] R. Doc. 498.
[9] R. Doc. 545 at 9. In that opinion, this Court ordered that "FCI shall submit to another deposition and produce communications concerning the limited subject areas of its lack of attendance at the October 15, 2018 technical meeting, its refusal to participate in settlement efforts on or before November 12, 2018, and its refusal to turn over the engines." *Id.*
[10] R. Doc. 580 at 1.
[11] R. Doc. 580-1 at 3-4.
[12] *Id.* at 1.
[13] *Id.*
[14] *Id.*
[15] *Id.* at 1-2.
[16] R. Doc. 580 at 3.

Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Good cause "requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension." *Garza v. Webb Cty.*, 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). SKA has not demonstrated good cause to modify the scheduling order to reopen discovery for purposes of deposing Fucich on matters outside of the three narrow topics outlined in both the magistrate judge's and this Court's relevant orders. Its arguments that the additional matters are related to damages, Fucich's defenses, and Fucich's credibility – even if true – are insufficient grounds at this late stage of the case to reopen discovery.[17] "At some point, discovery must end. … Otherwise, the case management process is rendered meaningless." *Hughes v. Boston Sci. Corp.*, 2009 WL 3031680, at *2 (S.D. Miss. Sept. 17, 2009); *see also Finalrod IP, LLC v. John Crane, Inc.*, 2019 WL 2563840, at *3 (W.D. Tex. Mar. 22, 2019) ("At some point, the parties must set aside their suspicions and discovery must end."); *Rocha v. Metro. Life Ins. Co.*, 2006 WL 8434159, at *2 (W.D. Tex. Oct. 13, 2006) ("And, in any event, at some point in a litigation, discovery must end so the litigation may progress to completion.").

Because SKA has not demonstrated that the questions it seeks to pursue fall within the allowed topics or that good cause exists to modify the scheduling order, its motion is denied. The Court notes, however, that this order applies only to discovery and does not foreclose SKA or any other party from seeking to introduce evidence about these additional matters at trial, assuming the requisite disclosures have been made, a foundation laid, and relevance shown. Accordingly, for the foregoing reasons,

---

[17] R. Doc. 580-1 at 1-2.

IT IS ORDERED that SKA's motion to compel is DENIED.

New Orleans, Louisiana, this 30th day of December, 2021.

                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE