UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FUCICH CONTRACTING, INC., *et al.*                CIVIL ACTION

VERSUS                                             NO. 18-2885

SHREAD-KUYRKENDALL &                               SECTION M (4)
ASSOCIATES, INC., *et al.*

## ORDER & REASONS

Before the Court is the motion of Fucich Contracting, Inc., Clayton Fucich, and Kathleen Fucich (collectively, "FCI") to stay enforcement of judgment without bond.[1] Travelers Casualty and Surety Company of America ("Travelers") responds in opposition,[2] and FCI replies in further support of its motion.[3] Considering the parties' memoranda, the record, and the applicable law, the Court denies FCI's motion.

**I.    BACKGROUND[4]**

This matter involves claims arising out of a construction dispute between FCI and its surety for a construction project, Travelers. Following a bench trial on issues concerning FCI's indemnity and collateral security obligations, the Court found in favor of Travelers and against FCI, and, on January 11, 2023, entered a final judgment.[5] The final judgment ordered FCI to pay Travelers $1,624,310.18 in attorney's fees, costs, and other categories of loss, plus postjudgment interest.[6] It also made permanent the preliminary injunction previously granted in favor of Travelers – which ordered FCI's compliance with the collateral security provision of the General Agreement of

---

[1] R. Doc. 707.
[2] R. Doc. 711.
[3] R. Doc. 717.
[4] A more complete recitation of the facts can be found in the Court's October 31, 2022 Findings of Fact & Conclusions of Law, R. Doc. 675, and its January 11, 2023 Order & Reasons. R. Doc. 681.
[5] R. Doc. 682.
[6] *Id.*

Indemnity.[7]  On February 7, 2023, FCI appealed the Court's judgment.[8]  The appeal remains pending before the Fifth Circuit and, to date, that court has not stayed these proceedings.  In response to Travelers' attempt to enforce the Court's judgment through a petition for writ of execution,[9] FCI filed the instant motion, in which it seeks to stay enforcement of the Court's judgment without bond during the pendency of FCI's appeal.[10]

**II.    PENDING MOTION**

In its motion, FCI requests that the Court stay enforcement of the judgment pending its appeal pursuant to Rule 62 of the Federal Rules of Civil Procedure and argues that the stay should be issued without bond because "Travelers is currently in possession of collateral security well over the amount of the money judgment."[11]  FCI maintains that it is entitled to an automatic stay of the monetary portion of the judgment pursuant to Rule 62(b) because the collateral security it has already deposited with Travelers pursuant to the preliminary (and now permanent) injunction constitutes "'a bond or *other security*.'"[12]  As for the permanent injunction imposed by the judgment, FCI similarly contends that a stay of that relief should issue pursuant to Rule 62(d) because its deposit of collateral security with Travelers satisfies the requirement that a "'bond *or other terms that secure the opposing party's rights*'" be provided.[13]

In opposition, Travelers argues that, because FCI effectively seeks "to alter or amend the judgment regarding the preliminary injunction" (which permitted Travelers to use the collateral

---

[7] *Id.*  Specifically, the permanent injunction provides that the collateral security provided by FCI to Travelers must remain in Travelers' possession and can be "applied to satisfy the amount awarded herein until such time as the Indemnitors [FCI here] pay or otherwise satisfy the full amount of the judgment, with Travelers having the right to use or sell the collateral provided by the Indemnitors to satisfy the judgment." *Id.*
[8] R. Doc. 683.
[9] R. Docs. 706 (marked deficient); 708.
[10] R. Doc. 707.
[11] *Id.* at 1.
[12] R. Doc. 707-1 at 2 (quoting Fed. R. Civ. P. 62(b)) (emphasis in original).
[13] *Id.* (quoting Fed. R. Civ. P. 62(d)) (emphasis in original).

security posted by FCI to satisfy the judgment if FCI did not pay it in full), FCI's motion is an untimely Rule 59 motion.[14]  Additionally, Travelers notes that FCI submits no evidence of the amount of collateral it provided to Travelers, and that it was not the full amount ordered by the Court.[15]  Travelers also urges that any collateral security that FCI has turned over to Travelers should not "take on the dual role of constituting one of the two forms of judgment awarded in Travelers's favor as well as [FCI's] security needed for a stay pending appeal."[16]  Finally, Travelers maintains that because FCI has "failed to address" the factors the Court must address when deciding whether to stay – in its discretion – the monetary and injunctive portions of the judgment without a bond or other security (*viz.*, present financial ability to respond to a money judgment or an undue financial burden in posting a bond), FCI's motion should be denied.[17]

In reply to Travelers' opposition, FCI asserts that Rule 59 is inapplicable to the relief sought in its motion because Rule 62 provides the procedure for seeking a stay of enforcement of a judgment while the matter is on appeal, and that rule permits such a motion to be filed "'*any time after judgment is entered.*'"[18]  Further, FCI maintains that the factors Travelers argues must be satisfied for the issuance of a discretionary stay are inapplicable here because the collateral security it has deposited with Travelers – which, it argues, exceeds the amount of the monetary portion of the judgment – suffices for the issuance of an automatic stay as the collateral constitutes other security.[19]  Alternatively, FCI requests that, should the Court decline to issue a stay based solely on FCI's deposit of collateral with Travelers, "it be given an opportunity to meet any additional

---

[14] R. Doc. 711 at 2-3.
[15] *Id.* at 3.
[16] *Id.* at 4.
[17] *Id.* at 5.
[18] R. Doc. 717 at 1 (quoting Fed. R. Civ. P. 62(b)) (emphasis in original).
[19] *Id.* at 2-5.

parameters or requirements made by the Court to meet the security requirement to stay the enforcement of the money judgment."[20]

### III. LAW & ANALYSIS

Rule 62(b) of the Federal Rules of Civil Procedure permits a party seeking to stay the execution of a judgment pending appeal to post a bond or other security to secure the payment of the judgment to the judgment creditor. Unless a stay is issued, it is generally accepted that, notwithstanding a pending appeal, a district court's judgment takes effect and can be enforced. *See Coleman v. Tollefson*, 575 U.S. 532, 539 (2015) ("Unless a court issues a stay, a trial court's judgment (say, dismissing a case) normally takes effect despite a pending appeal.") (citing Fed. R. Civ. P. 62; Fed. R. App. P. 8(a)); 16A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, & CATHERINE T. STRUVE, FEDERAL PRACTICE AND PROCEDURE § 3954, at 675 (5th ed.) ("The taking of an appeal does not by itself suspend the operation or execution of a district-court judgment or order during the pendency of the appeal."). To obtain a stay of a judgment pending appeal, the movant ordinarily must first request such relief in the district court. *See* Fed. R. App. P. 8(a)(1). It is generally recognized that stays procured by the posting of a bond or other security only suspend execution of the monetary portions of judgments – not judgments for injunctive or equitable relief. *See, e.g., Arnold v. Garlock, Inc.*, 278 F.3d 426, 437 (5th Cir. 2001) ("The stay provisions of Rule 62 pertain to judgments for money."); *Tractor & Equip. Co. v. Dual Trucking & Transp., LLC*, 2017 WL 4407922, at *1 (E.D. La. Oct. 4, 2017) ("Under [what is now Rule 62(b)], a party appealing a money judgment is entitled to an automatic stay of the judgment upon posting a supersedeas bond."); 16A WRIGHT ET AL., *supra*, § 3954, at 690 ("A stay of execution of a money judgment may be sought under Civil Rule 62(b) by posting a bond or other security.").

---

[20] *Id.* at 5.

This is "'because a bond may not adequately compensate a non-appealing party for the loss incurred as a result of the stay of a non-money judgment.'" *Sundown Energy, L.P. v. Haller*, 2015 WL 3796351, at *3 (E.D. La. June 18, 2015) (quoting *Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992)). "Under this reasoning, the supersedeas bond requirement in [now Rule 62(b)] serves, in money judgment cases, as a 'kind-for-kind security to guarantee the judgment.'" *Herbert*, 953 F.2d at 938 (quoting *United States v. U.S. Fishing Vessel Maylin*, 130 F.R.D. 684, 686 (S.D. Fla. 1990)).

Prior to 2018, an appellant seeking to stay execution of a monetary judgment pending appeal was required to post a supersedeas bond. *See Gaddy v. Taylor Seidenbach, Inc.*, 2020 WL 815292, at *2 (E.D. La. Feb. 19, 2020) ("Prior to 2018, this rule allowed for a stay only if the appellant posted a supersedeas bond."). But Rule 62 was amended in 2018, and now a stay can be issued when the applicant "provid[es] a bond or other security." Fed. R. Civ. P. 62(b). Generally, however, some form of security – either through a supersedeas bond or other means of securing the stay – is required before a court will stay execution of a judgment pending appeal so as to protect "'the non-appealing party's rights pending appeal.'" *Faciane v. Petrochem Field Servs., Inc.*, 2019 WL 2995871, at *2 (E.D. La. July 9, 2019) (quoting *Poplar Grove Planting & Refin. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979) (recognizing that a court may "choose[] to depart from the usual requirement of a full security supersedeas bond")); *see also* Local Rule 62.2 ("A bond or other security staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs, and any damages award, unless the court directs otherwise.").

Nevertheless, the Court, in limited circumstances, has the discretion to waive the bond or other security requirement. *See Facciane*, 2019 WL 2995871, at *2 (citing *Poplar Grove*, 600

F.2d at 1191; *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 464 (5th Cir. 1990)); *Arce v. Louisiana State*, 2019 WL 4257246, at *2 (E.D. La. Sept. 9, 2019); *Gaddy*, 2020 WL 815292, at *2. Waiver of the security requirement may be justified where (1) the "judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal," or (2) "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." *Poplar Grove*, 600 F.2d at 1191. In either case, "the burden [is] on the moving party to objectively demonstrate the reasons" why the court should waive the security requirement. *Id.*

FCI also seeks to stay the portion of the judgment imposing a permanent injunction. As for stays of injunctive relief, Rule 62(d) provides that:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Thus, it is within a court's discretion whether to stay an injunction granted by an interlocutory order or final judgment pending appeal of that order or judgment. *See Sundown Energy*, 2015 WL 3796351, at *3 ("Nonmonetary judgments, on the other hand, are not automatically stayed but may be stayed in the court's discretion."); 11 Charles Alan Wright, Arthur B. Miller & Mary Kay Kane, Federal Practice and Procedure § 2904, at 676 (3d ed.) ("An application under [now Rule 62(b)] ... necessarily goes to the discretion of the court."). Typically, courts weigh the following four factors to determine whether a judgment granting injunctive or other, similar types of relief should be stayed during the pendency of an appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;

6

>   (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) whether public interest favors a stay.

*Weingarten Realty Investors v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011) (quotation and alterations omitted). Courts within this circuit have routinely applied this test when deciding whether to stay a judgment of injunctive relief pending appeal. *See, e.g.*, *Patino v. City of Pasadena*, 677 F. App'x 950, 951 (5th Cir. 2017); *Sundown Energy*, 2015 WL 3796351, at *3-4; *Cook v. Marshall*, 2019 WL 2437071, at *1-2 (E.D. La. June 10, 2019); *see also* 11 WRIGHT ET AL., *supra*, § 2904, at 677 ("Those four factors have been cited and applied in countless lower-court cases."). Sometimes, however, injunctive relief might have the effect of a monetary judgment, and so a question arises over the proper standard for staying such judgments. *See Sundown Energy*, 2015 WL 3796351, at *3 ("Where courts have faced judgments that did not clearly fall within the 'monetary' or 'nonmonetary' category, such courts have applied the four-factor standard typically applied to a request to stay an injunction pending appeal or for a discretionary stay generally.") (citing *Halliburton Energy Servs., Inc. v. NL Indus.*, 2008 WL 2787247, at *4 (S.D. Tex. July 16, 2008); *United States v. Goltz*, 2007 WL 295558, at *3 & n.2 (W.D. Tex. Jan. 25, 2007)).

Here, FCI argues that a Rule 62 stay of the Court's judgment should issue without its posting a bond or other security because the value of the collateral security already in Travelers' possession exceeds the money judgment in this case.[21] But FCI *also* requests that the permanent injunction – which requires the collateral security to remain in Travelers' possession and grants Travelers the right to use or sell the collateral to satisfy the judgment – be stayed pending the appeal.[22] As will be seen, a stay of the permanent injunction pending appeal undermines the value

---

[21] R. Docs. 707-1 at 1-3; 717 at 2-5.

[22] R. Doc. 707-1 at 3 ("Additionally, the underlying purpose of the current permanent injunction is to satisfy a money judgment, thus the injunction should be suspended or modified to prohibit Travelers' [*sic*] from disposing of FCI's property to satisfy the judgment pending FCI's appeal.").

of the collateral security provided to Travelers, making specious FCI's argument that the collateral security it has already provided more than satisfies the money judgment entered in this case and thus should constitute security under Rule 62.

As part of the collateral agreement FCI executed with Travelers pursuant to the Court's preliminary injunction ordering FCI to post $2,563,930 in collateral security, FCI provided Travelers with $106,573.39 in cash.[23] FCI covered the remainder by granting Travelers "a security interest, mortgage, deed of trust, and lien" in certain property – including tracts of land, retirement accounts, personal vehicles, and a boat – detailed in the agreement.[24] FCI also granted Travelers a promissory note in the amount of $2,263,136.71, secured by the same property outlined in the collateral agreement.[25] FCI points to no additional evidence to support its contention that Travelers is in actual possession of $2,563,930 in collateral security and, contrary to its position, cites only to Travelers' estimation at trial that the property pledged to it by FCI was worth approximately $1.8 million as of June 28, 2022.[26] Thus, the bulk of the collateral security is made up of security interests in certain pieces of property – as opposed to cash or cash equivalents. But FCI also asks the Court to prevent Travelers from using or disposing of this property (*e.g.*, selling it) pending the appeal, which presents a problem for Travelers: the property it holds as collateral security could rapidly depreciate or dissipate during the time it will take for the appeal's resolution. This is especially likely when considering that much of the property pledged as collateral security takes the form of personal cars, a boat, and retirement accounts.[27] FCI fails entirely to consider the collateral's diminishment when requesting that the Court stay both the money judgment and the

---

[23] R. Doc. 704-64 at 2.
[24] *Id.* at 2-3.
[25] R. Doc. 704-63 at 1-2.
[26] R. Doc. 669 at 84.
[27] R. Doc. 704-64 at 2-3.

permanent injunction.[28]  Nor does it recognize that the money judgment awarded postjudgment interest.[29]  In sum, FCI has failed to satisfy the Court that it has already provided Travelers with "other security" in an amount sufficient to discharge the full sum of the money judgment plus postjudgment interest.[30]  FCI's request might be tenable if it asked the Court to stay execution of the money judgment without bond but permitted Travelers to immediately liquidate the collateral security already in its possession, per the terms of the permanent injunction.  It might also be permissible to stay the money judgment and suspend operation of the permanent injunction if FCI could demonstrate that Travelers has already received cash (or some other asset likely to retain its value) in an amount equal to 120% of the money judgment, per the local rules.  But, instead, FCI effectively asks for a waiver or reduction of the security requirement.  Such extra-statutory relief, however, should only be granted when certain conditions have been satisfied.

The Fifth Circuit is clear that waiver of the bond or other security requirement under Rule 62 should only occur in limited circumstances.  Relevant here, an applicant can request waiver of the security requirement where (1) the "judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal," or (2) "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden."  *Poplar Grove*, 600 F.2d at 1191.  FCI does not attempt to demonstrate either condition.  Thus, it has failed to "objectively demonstrate the reasons" why the

---

[28] Instead, FCI attempts to argue that any "decrease or depletion" in the assets constituting the collateral security "is, at least in part, Travelers' fault." R. Doc. 717 at 8. The Court need not address these arguments, however, as they do not relieve FCI of its burden to show why the bond or other security requirement should be waived.

[29] R. Doc. 682.

[30] For example, if Local Rule 62.2 were applied to estimate a sufficient amount, the judgment ($1,624,310.18) plus 20% ($324,662.04) equals $1,949,172.22, which exceeds the approximate value of the pledged property as of June 28, 2022, without even considering depreciation.

court should waive the security requirement. *Id.* Therefore, the motion should be denied.[31] *See Tractor & Equip. Co.*, 2017 WL 4407922, at *2 (denying applicants' motion to stay execution of judgment on appeal without bond or with reduced bond where they failed to demonstrate "a future ability to pay or an undue financial burden").

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that FCI's motion to stay judgment (R. Doc. 707) is DENIED.

New Orleans, Louisiana, this 27th day of June, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[31] Even assuming that FCI need not satisfy the four-factor test for staying an injunction pending appeal, it still fails to demonstrate why Rule 62's security requirement should be waived.